UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOSHUA QUINN,

                Plaintiff,

   -against-

ANDREW CUOMO, ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

                Defendant.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-4198 (KAM)

MATSUMOTO, United States District Judge:

    Plaintiff Joshua Quinn, who is currently incarcerated at Rikers Island Correctional Facility, filed this *pro se* action on September 8, 2010. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, plaintiff is granted 30 days leave to file an amended complaint.

## STANDARD OF REVIEW

    Under 28 U.S.C. § 1915A, the District Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, the District Court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b). See also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted

but mandatory).

Furthermore, as plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89 (2007), and the Court is obliged to construe his pleadings liberally and interpret them as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Thus, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

The Court cannot allow plaintiff's claims to go forward, as defendant will be unable to meaningfully respond to the instant complaint. Plaintiff fails to offer any facts to support his claim that various New York Penal Law statutes are unconstitutional.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each named defendant so that defendants will have adequate notice of the claims against them. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); Ricciuti v. New York City Transit Auth.,

2

941 F.2d 119, 123 (2d Cir. 1991).

## **CONCLUSION**

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff elect to file an amended complaint, plaintiff is directed that the amended complaint must:

- be captioned as an "Amended Complaint" and bear the same docket number as this Order;

- name as proper, individual defendants in the caption all those individuals who have some personal involvement in the actions he alleges in the amended complaint, or if plaintiff does not know the names of the individuals, he may identify and name the unknown individuals in the caption as either "John Doe 1, 2, 3," etc. or "Jane Doe, 1, 2, 3," etc.;

- describe to the best of plaintiff's ability, each individual and the role he or she played in the alleged deprivation of his rights;

- state the current status of any pending state criminal action; and

- set forth factual allegations to support his claim against each named defendant, the dates and locations of all relevant events and the relief he is seeking in accordance with   comply with Rule 8(a) of the Federal Rules of Civil Procedure.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend the complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28

U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
October 5, 2010

4